# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14-CR-45-LRR |
| vs. | **ORDER** |
| GORDON LASLEY, JR., | |
| Defendant. | |

The matter before the court is Defendant Gordon Lasley, Jr.'s "Motion for Written Supplemental Juror Questionnaire and Additional Time to Conduct Voir Dire" ("Motion") (docket no. 24), which Defendant filed on October 15, 2014.[1] On October 17, 2014, the government filed a Resistance (docket no. 26). On October 27, 2014, Defendant filed a Supplemental Brief (docket no. 32). On October 29, 2014, the government filed a "Brief in Opposition to Certain Questions in the Proposed Juror Questionnaire" (docket no. 35). On October 30, 2014, Defendant filed a "Brief in Response to Government's Brief in Opposition to Certain Questions in the Proposed Juror Questionnaire" (docket no. 37).

"Under [Federal Rule of Criminal Procedure] 24(a), [a] [d]istrict [c]ourt ha[s] broad discretion to conduct the voir dire, and error will be found only if an abuse of that discretion resulted in substantial prejudice to the defendant." *United States v. Brown*, 540 F.2d 364, 378 (8th Cir. 1976), *abrogated on other grounds by Dalton v. United States*, 862 F.2d 1307, 1310 (8th Cir. 1988). This discretion extends to juror questionnaires

---

[1] On October 24, 2014, the court issued an order that, among other things, "granted the parties' request to have up to forty-five minutes each for opening statements and up to ninety minutes each for closing argument." October 24, 2014 Order (docket no. 30) at 2. Because the court has already addressed the length of time given to the parties to conduct voir dire, the court will only address the juror questionnaire component of the Motion in this order.

submitted to jurors in advance of trial. *See*, *e.g.*, *United States v. Phibbs*, 999 F.2d 1053, 1071 (6th Cir. 1993); *United States v. Bakker*, 925 F.2d 728, 733-34 (4th Cir. 1991). The court finds that the questions to which the parties agree shall be a part of the juror questionnaire. The questions to which the parties do not agree shall not be included in the juror questionnaire. Further, regardless of whether questions are included in the juror questionnaire, the parties will be permitted to address topics during voir dire at the discretion of the presiding judge.[2] Accordingly, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

**DATED** this 5th day of November, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] If the parties still wish to raise disputed topics during voir dire, the parties should take up these topics with the presiding judge outside the presence of the jury.