# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14-CR-45-LRR |
| vs. | **ORDER** |
| GORDON LASLEY, JR., | |
| Defendant. | |

The matter before the court is the government's "Motion for an Order Finding Defendant Has Waived His Psychotherapist Privilege" ("Motion") (docket no. 28), which the government filed on October 22, 2014. On October 23, 2014, the court held a hearing on the Motion. *See* October 23, 2014 Minute Entry (docket no. 29). On October 24, 2014, consistent with the court's statements at the hearing, the court granted the government additional time to supplement the Motion and provided Defendant the opportunity to respond. *See* October 24, 2014 Order (docket no. 30). On October 27, 2014, the government filed a Supplemental Memorandum in Support of the Motion (docket no. 31). On October 30, 2014, Defendant filed a Resistance (docket no. 36).

The parties agree that Defendant has waived the psychotherapist-patient privilege. *See* Resistance at 5 ("By raising the insanity defense, [Defendant] acknowledges that, to some degree, he waives the psychotherapist privilege."). The parties only dispute the scope of such waiver. The government argues that "[w]here, as here, [D]efendant has clearly put his mental health at issue by claiming he suffers from a mental disease or defect . . . the waiver is complete." Supplemental Memorandum in Support of the Motion at 5. While Defendant has not explicitly stated exactly what materials the government is entitled to based on Defendant's waiver, he appears to argue that the government is entitled only to the materials on which Dr. Ertz relied. *See* Resistance at 4. Defendant argues that he

has already provided these materials to the government, and the government should not be allowed to interview the mental health providers who provided mental health history to Dr. Ertz.

Defendant has not pointed the court to a single case holding that a defendant waives the psychotherapist privilege only as to the materials relied upon by a defense expert, and the court is aware of no such limitation. In fact, at least in the civil context, if a party "places his or her psychological state in issue, the [opposing party] is entitled to discover *any* records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (emphasis added); *see also N.D.* ex rel. *Dorman v. Golden*, No. 2:13CV540-MEF-TFM, 2014 WL 1764714, at *5 (M.D. Ala. May 1, 2014) (stating that "[*a*]*ny* records related to psychotherapy treatment . . . are discoverable" when such records are at issue (emphasis added)). The court agrees with Defendant that the psychotherapist privilege has "compelling policy underpinnings." Resistance at 5; *see also Jaffee v. Redmond*, 518 U.S. 1, 10-11 (1996) (discussing the policy reasons for recognizing the psychotherapist privilege). Had Defendant not waived his psychotherapist privilege by raising an insanity defense, these underpinnings would be apropos. However, once he waived the privilege by putting his mental health at issue, fairness dictates that the opposing party should have the ability to discover information relevant to Defendant's mental state.

The court is not persuaded by Defendant's argument that he has already provided the government with all relevant mental health material. Defendant has access to all of his past mental health records, and he has every incentive to provide the defense expert with materials favorable to the insanity defense. Should other mental health information exist that is less favorable to Defendant, the government should have the same access to such information as Defendant. Accordingly, the court shall grant the Motion.

In light of the foregoing, the court **ORDERS**:

(1) The government's "Motion for an Order Finding Defendant Has Waived His Psychotherapist Privilege" (docket no. 28) is **GRANTED**;

(2) Defendant waived his psychotherapist privilege with respect to the following mental health providers[1]:

    (a) <u>At Keystone Treatment Center in Canton, South Dakota</u>: (1) Dr. Richard Skorey; (2) Dr. E.R. Regier; (3) Rita Eich; and (4) Nancy Lyle;

    (b) <u>At State Training School in Eldora, Iowa</u>: Brian Hagedon;

    (c) <u>At Tama County and Linn County Jails</u>: (1) Dr. Ali Safdar; (2) Sue Blome; (3) Alyce Keith; (4) Donna Armstrong; (5) Char Trager; and (6) Reaghan O'Toole; and

(3) The above named mental health providers are directed to cooperate with the government's discovery requests.

**DATED** this 5th day of November, 2014.

*[signature]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] Should the government desire an order finding that Defendant has waived the psychotherapist privilege with respect to additional mental health providers, it may file a motion requesting such an order.