# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. GORDON LASLEY, JR., Defendant. | No. 14-CR-45-LRR  **ORDER** |

_____

The matter before the court is Defendant Gordon Lasley, Jr.'s "Request to Exempt Expert Witnesses from Sequestration" ("Motion") (docket no. 44), which Defendant filed on November 6, 2014. On November 10, 2014, the government filed a Resistance (docket no. 50).

In the Motion, Defendant requests that the court permit Defendant's expert witnesses to be excluded from sequestration because their presence is essential to the presentation of the defense. The government resists Defendant's request, arguing that Defendant "has failed to carry his burden of demonstrating it is essential for his experts, after they have already rendered an opinion, to benefit from hearing testimony that may be contrary to assumptions and statements they made so as to adjust their testimony to fit the facts." Resistance at 1-2. The government argues that the drafters of the Federal Rules of Evidence did not intend to create a per se rule that all expert witnesses are exempt from Rule 615.

Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. However, this general sequestration rule "does not authorize excluding . . . a person whose presence a party shows to be essential to presenting the party's claim or defense." Fed. R. Evid. 615(c). Expert witnesses are not per se exempt from Rule 615.

*See United States v. Olofson*, 563 F.3d 652, 660 (7th Cir. 2009) (stating that "merely because [Federal Rule of Evidence] 703 contemplates that an expert may render an opinion based on facts or data made known at trial does not necessarily mean that an expert witness is exempt from a Rule 615 sequestration order"). The Eighth Circuit Court of Appeals "review[s] a district court's rulings regarding sequestration orders for abuse of discretion, granting wide latitude to the court and requiring the moving party to show prejudice." *United States v. Engelmann*, 720 F.3d 1005, 1012 (8th Cir. 2013) (quoting *United States v. Camacho*, 555 F.3d 695, 702 (8th Cir. 2009)) (internal quotation marks omitted).

While an expert is not per se exempt from sequestration, the court finds that, here, Defendant has met his burden of showing that Defendant's mental experts are essential to his case. Because the court is not requiring that Defendant's mental health experts be sequestered, the court also deems it appropriate not to require the government's mental health experts be sequestered. That is, both Defendant's mental health experts and the government's mental health experts need not be sequestered. In light of the foregoing, Defendant Gordon Lasley, Jr.'s "Request to Exempt Expert Witnesses from Sequestration" (docket no. 44) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED** this 17th day of November, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA