# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 14-CR-45-LRR |
| vs. | **ORDER** |
| GORDON LASLEY, JR., | |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant Gordon Lasley, Jr.'s "Motion for Judgment of Acquittal, Conditional Motion for New Trial, and Request for Hearing" ("Motion") (docket no. 106).

## *II. RELEVANT PROCEDURAL HISTORY*

On April 9, 2014, a grand jury returned a two-count Indictment (docket no. 2) charging Defendant with two counts of First Degree Murder within Indian Country in violation of 18 U.S.C. § 1111.

On December 8, 2014, a jury trial commenced on Counts 1 and 2 of the Indictment. On December 9, 2014, at the close of the government's evidence, Defendant moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, which the court denied. *See* December 9, 2014 Minute Entry (docket no. 90). On December 18, 2014, the jury returned guilty verdicts on the lesser included offense of second degree murder on Counts 1 and 2 of the Indictment. *See* Jury Verdicts (docket no. 103).

On December 29, 2014, Defendant filed the Motion. The Motion requests that the court grant a judgment of acquittal on Counts 1 and 2, and "conditionally and alternatively requests that the court grant him a new trial." Motion at 1. On January 2, 2015, the

government filed a Resistance (docket no. 107). The Motion also requests a hearing. The court finds a hearing is unnecessary.

Finally, the time for Defendant to file a reply brief has run. *See* LCrR 47(a) ("Local Rule 7 governs motion procedure in criminal cases . . . ."); LR 7(g) ("[T]he moving party may, within 7 days after a resistance to a motion is served, file a reply brief . . . ."). Thus, the Motion is fully submitted and ready for decision.

### *III. RELEVANT TRIAL EVIDENCE*[1]

Viewed in the light most favorable to the government, the trial evidence established that on February 5, 2014, Defendant killed his parents by striking them with a three-foot-long machete. Defendant first killed his father, Gordon Lasley, Sr., by striking him at least three times with the machete. Defendant then chased down and killed his mother, Kim Lasley, by stabbing her six times in the head, neck and chest.

Following the government's case in chief, Defendant presented expert testimony to support his defense that he was insane at the time of the crimes. Defendant offered the expert testimony of Dr. Arthur Konar and Dr. Dewey Ertz as to Defendant's mental state on the night of February 5, 2014. Dr. Konar testified that Defendant was suffering from paranoid schizophrenia on the night of February 5, 2014, which prevented Defendant from accurately interpreting reality. Dr. Ertz testified that Defendant was suffering from brief psychotic disorder and delusional disorder on the night of February 5, 2014, which impeded Defendant's ability to appreciate the wrongfulness of his actions. Specifically, Dr. Ertz testified that Defendant suffered from the delusion that Defendant's parents had put "bad medicine"—a sort of hex or voodoo—on him, resulting in sexually transmitted diseases and that the only way to rid himself of the bad medicine was to kill his parents.

---

[1] When relevant, the court relies on and discusses additional facts in conjunction with its legal analysis.

The government presented rebuttal evidence as to Defendant's mental state, including the expert testimony of Dr. Chris Grote, who testified that Defendant did not suffer from paranoid schizophrenia, a brief psychotic disorder or delusions on the night of February 5, 2014. Dr. Grote diagnosed Defendant with cannabis dependency and provisional antisocial personality disorder, and testified that neither of these disorders prevented Defendant from knowing the difference between right and wrong. Finally, Dr. Grote testified that Defendant's belief that Defendant's parents gave him a sexually transmitted disease through bad medicine was not the result of a delusion, but rather could be attributed to Defendant's Native American cultural beliefs or possibly Defendant's marijuana intoxication on the night of February 5, 2014. The government also presented rebuttal evidence—consisting of several members of Defendant's Native American tribe who testified that they believed bad medicine could be put on someone like a hex or voodoo—showing that Defendant's belief in bad medicine was a shared cultural belief as opposed to a delusion.

## IV.  MOTION FOR JUDGMENT OF ACQUITTAL

### A.  Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. *See, e.g.*, *United States v. Peneaux*, 432 F.3d 882, 889-90 (8th Cir. 2005); *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). The court must "view the evidence in the light most favorable to the government" and give the government the benefit of all reasonable inferences. *United States v. Wanna*, 744 F.3d 584, 588 (8th Cir. 2014). The court must uphold the jury's verdict "as long as 'there is an interpretation of the evidence that would allow a reasonable-minded jury to find the defendant[] guilty

beyond a reasonable doubt.'" *United States v. Peters*, 462 F.3d 953, 957 (8th Cir. 2006) (quoting *United States v. Vig*, 167 F.3d 443, 447 (8th Cir. 1999)) (alteration in original). Moreover, the court "must uphold the jury's verdict even where the evidence 'rationally supports two conflicting hypotheses' of guilt and innocence." *Id.* (quoting *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004)). It is not the province of the court to evaluate the credibility of witnesses—that task is for the jury. *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

### B. Analysis

Defendant argues that the government presented evidence "insufficient with respect to both [C]ounts 1 and 2 to prove Defendant acted with malice aforethought." Brief in Support of the Motion (docket no. 106-1) at 3. Specifically, Defendant argues that "no evidence was presented as to what actually transpired the night of the killings, other than the fact that Gordon Sr.[] and Kim Lasley were killed." *Id.* Thus, Defendant argues "there was inadequate evidence presented from which the jury could infer that Defendant acted with malice aforethought." *Id.* Defendant also argues that the government's evidence is "insufficient to prove malice aforethought in light of the evidence presented about Defendant's mental state on the night of the killings." *Id.* The government argues it presented "evidence [that] was more than sufficient to establish [D]efendant acted with malice aforethought." Resistance at 4.

#### 1. *Evidence of malice aforethought*

Malice aforethought is an "intent at the time of a killing willfully to take the life of a human being." *United States v. Johnson*, 879 F.2d 331, 334 (8th Cir. 1989). Here, the jury was instructed that malice aforethought

> means an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences to human life; but 'malice aforethought' does not necessarily imply any ill will, spite or hatred towards the individual killed.

4

Final Jury Instructions (docket no. 100) at 19. To establish malice aforethought, the government is not required to establish a "subjective intention to kill." *United States v. Dinwiddie*, 618 F.3d 821, 834 (8th Cir. 2010). Rather, a jury can "infer from the act itself that [a defendant] had the requisite malicious state of mind." *United States v. Bordeaux*, 980 F.2d 534, 536 (8th Cir. 1992) (quoting *Johnson*, 879 F.2d at 335) (internal quotation marks omitted).

Here, the government presented evidence sufficient for a reasonable jury to conclude that Defendant acted with malice aforethought. The government did not merely present evidence that the killings took place. Rather, the government presented evidence establishing that Defendant struck and stabbed his father's head and neck with a three-foot-long machete, injuries from which a reasonable jury could infer that Defendant acted not simply to injure, but to willfully kill. *See, e.g.*, *Bordeaux*, 980 F.2d at 536 (stating that from the defendant's act of slashing the victim's throat with a knife, "[t]he jury could infer that [the] [defendant] had the requisite malicious state of mind") (quoting *Johnson*, 879 F.2d at 335) (internal quotation marks omitted) (fourth alteration in original); *Johnson*, 879 F.2d at 331, 335 (stating that when the defendant stabbed the victim three times in the chest and face, the act itself was sufficient to support the jury's inference of the defendant's "requisite malicious state of mind"). The government also presented evidence that Defendant chased his mother through the house and into the basement, stabbing her in the head, neck and chest six times. Again, this is evidence from which a reasonable jury could infer that Defendant "had the requisite malicious state of mind." *Bordeaux*, 980 F.2d at 536. Thus, this evidence was sufficient for a jury to conclude that Defendant acted with malice aforethought when he killed his parents.

### 2. *Defendant's mental state*

Defendant argues that because he was suffering from paranoid schizophrenia, brief psychotic disorder and delusional disorder, he was incapable of forming malice

5

aforethought.[2] To the extent Defendant argues that his mental state prevented him from forming malice aforethought, the court disagrees. There is no evidence in the record that Defendant was incapable of forming malice aforethought. Even Defendant's own experts did not testify that Defendant was incapable of forming malice aforethought. Rather, Defendant's experts testified only that Defendant was unable to accurately interpret reality and appreciate the wrongfulness of his actions. In addition, the government presented expert testimony from Dr. Grote, who testified that Defendant did not suffer from a severe mental disease or defect on the night of February 5, 2014. The government also presented evidence consisting of testimony from several members of Defendant's Native American tribe to demonstrate that Defendant's belief in bad medicine was not the result of a delusion, but rather could be attributed to shared cultural beliefs. Thus, the evidence does not establish that Defendant was incapable of forming malice aforethought because "a reasonable-minded jury [could] find [Defendant] guilty beyond a reasonable doubt. *Peters*, 462 F.3d at 957.

In light of the evidence the government presented, the court finds that the government presented evidence sufficient for a jury to find that Defendant acted with malice aforethought. Accordingly, the court shall deny the Motion to the extent it seeks a judgment of acquittal on Counts 1 and 2.

---

[2] Defendant appears to argue that "he was legally insane at the time and he was unable to appreciate the nature and wrongfulness of his actions." Brief in Support of the Motion at 4. The court finds such argument misplaced. The insanity defense is an affirmative defense, which Defendant had the burden of proving. *See* 18 U.S.C. § 17; Final Jury Instructions at 15 ("The defendant has the burden of proving, by clear and convincing evidence, that he was insane at the time of the crime. The government does not have the burden of proving that the defendant was sane."). Whether Defendant satisfied his burden is not relevant to whether the government presented sufficient evidence in its case in chief.

## V.  MOTION FOR NEW TRIAL

### A. *Legal Standard*

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  A district court is granted broad discretion in considering a motion for a new trial.  *Peters*, 462 F.3d at 957.  A district court may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)) (internal quotation marks omitted).  However, district courts "must exercise the [Federal Rule of Criminal Procedure] 33 authority 'sparingly and with caution.'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).  Further, the court "should grant a new trial only if 'the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred.'"  *Peters*, 462 F.3d at 957 (quoting *United States v. Rodriguez*, 812 F.2d 414, 417 (8th Cir. 1987)).

A district court enjoys more latitude in granting new trials under Federal Rule of Criminal Procedure 33 than in granting motions for judgment of acquittal under Federal Rule of Criminal Procedure 29; however, "[m]otions for new trials based on the weight of the evidence are generally disfavored."  *Campos*, 306 F.3d at 579.  The court's standard of review for a motion for new trial differs from the standard that is applied to a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal.  The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial.  The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.

> If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1050-51 (8th Cir. 2007) (reiterating applicable standard).

### *B. Analysis*

Defendant argues that "the guilty verdicts in this case are against the weight of the evidence" because the "evidence was insufficient to prove Defendant acted with malice aforethought," and, thus, he is entitled to a new trial. Brief in Support of the Motion at 5. The government argues that it presented evidence "sufficient to withstand . . . [D]efendant's motion for a new trial." Resistance at 4. For the same reasons discussed with respect to Defendant's motion for judgment of acquittal, the court finds that the jury's verdicts, based on the evidence at trial and "all the reasonable inferences drawn from the evidence, are not against the weight of the evidence and do not leave this court with the sense [that] any miscarriage of justice" may have occurred. *Johnson*, 474 F.3d at 1051. Accordingly, the court shall deny the Motion to the extent is seeks a new trial based on the weight of the evidence.

### *VI. CONCLUSION*

In light of the foregoing, Defendant Gordon Lasley, Jr.'s "Motion for Judgment of Acquittal, Conditional Motion for New Trial, and Request for Hearing" (docket no. 106) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 19th day of February, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA